UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANILDA A. TORO,<br><br>Plaintiff,<br><br>v.<br><br>N.J. STATE COURTS JUDGE and OFFICER GEORGE ALLARD,<br><br>Defendants. | Civil Action No. 20-2589 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon a motion to reopen this case, (ECF No. 45), filed by *pro se* Plaintiff Yanilda A. Toro ("Plaintiff"). The Court has considered Plaintiff's submission and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

Before addressing Plaintiff's request in this case, the Court finds necessary to note at the outset that Plaintiff appears to have filed thirty-six (36) lawsuits in this district alone, including numerous lawsuits against New Jersey judges, courts, and courthouses, New Jersey government agencies and hospitals, and federal government agencies, including the United States Navy, Federal Bureau of Investigations, Social Security Administration, and Department of Agriculture.[1] By the Court's estimation, each of Plaintiff's thirty six (36) cases has been dismissed, or otherwise closed due to denials of her *in forma pauperis* applications, except for two cases recently filed in

---

[1] *See, e.g.*, Case Nos. 15-6380, 15-6381, 15-8355, 15-8482, 15-8497, 16-1435, 16-2193, 16-4404, 17-2644, 18-1075, 18-12200, 18-13358, 20-1526, 20-13068, 20-14821, 20-14980, 21-4195, 21-3617, 21-11599, 21-13193, 21-13495, 21-13643, 21-14964, 21-17248, 21-20168, 22-6025, 23-554, 23-1596, 23-4058, 23-14011, 23-15726, 23-21596, 24-201, 24-696, 24-7410, 24-8029 (United States District Court for the District of New Jersey).

2024. Plaintiff's chronic litigation over the past nine years can only be described an abuse of the litigation process.

Turning now to the case at bar, Plaintiff filed this action against "N.J. State Courts Judge" and Officer George Allard (collectively, "Defendants") on March 9, 2020. (ECF No. 1.) Plaintiff's allegations stem from an altercation with the police in 2007 or 2008 that appears to have resulted in her arrest and criminal prosecution; Plaintiff sought $20 billion in damages. (*Id.*) In the months following the filing of her Complaint, Plaintiff requested to consolidate this action with two of her other cases and to add additional parties. (*See* ECF Nos. 12, 13, 14, 17.) On October 15, 2020, the Honorable Lois H. Goodman, U.S.M.J. (ret.) denied Plaintiff's request to consolidate because the other cases had both been dismissed but granted Plaintiff's request to add additional parties to the present case. (ECF No. 18.)

Thereafter, Plaintiff did not file an Amended Complaint or anything on the docket for three and a half months, and the Clerk of Court issued a Notice of Call for Dismissal on January 27, 2021. (ECF No. 19.) Plaintiff was afforded fourteen days to demonstrate good cause as to why this case should not be dismissed, but she failed to respond. On February 16, 2021, the Honorable Anne E. Thompson, U.S.D.J. (ret.) dismissed this case under Local Civil Rule 41.1(a). (ECF No. 20.) Over six months later, on August 17, 2021, Plaintiff appealed Judge Thompson's dismissal. (ECF No. 26.) On June 17, 2022, the Third Circuit affirmed Judge Thompson's dismissal.

On January 8, 2024—over a year and a half later—Plaintiff filed a letter requesting to reopen this case. (ECF No. 45.) The Court notes that in Plaintiff's innumerable lawsuits, Plaintiff has filed numerous untimely letters or motions to reopen cases, which have been repeatedly denied, including one which was denied less than a month ago by the Honorable Georgette Castner, U.S.D.J. *See Toro v. DYFS*, No. 20-14821, 2024 WL 3833549 (D.N.J. Aug. 15, 2024).

Nonetheless, given Plaintiff's *pro se* status, the Court construes this letter as a motion to reopen the case under Federal Rule of Civil Procedure 60. Under Rule 60(b), a party may request relief from a final judgment, order, or proceeding only "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These circumstances include the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1)–(3), "no more than a year after the entry of the judgment or order or the date of the proceeding." R. 60(c)(1). Moreover, relief is only warranted under Rule 60(b)(6) "in cases evidencing extraordinary circumstances." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Here, Plaintiff neither filed her motion to reopen within a year of the entry of either the order of dismissal or the Third Circuit's affirmance of same nor demonstrates extraordinary circumstances justifying relief, especially in light of Plaintiff's history of repetitive litigation. Thus, subsections (1), (2), (3), and (6) do not provide a basis for relief. Moreover, nothing in Plaintiff's motion indicates that the circumstances in subsection (4) or (5) apply.

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 12th day of September, 2024

**ORDERED** that Plaintiff's Motion to Reopen, (ECF No. 45), is **DENIED**, and no further requests to reopen this case will be considered.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**